Filed 7/10/23  In re M.F. CA2/4

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION FOUR

| | |
|---|---|
| In re M.F., et al., Persons Coming Under the Juvenile Court Law. | B320148 |
| Los Angeles County Department of Children and Family Services,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>C.R.,<br><br>Defendant and Appellant. | (Los Angeles County Super. Ct. No. 19CCJP01024A-B) |

APPEAL from an order of the Superior Court of Los Angeles County, Philp L. Soto, Judge.  Dismissed as moot.

Marissa Coffey, under appointment by the Court of Appeal, for Defendant and Appellant.

Dawyn R. Harrison, County Counsel, Kim Nemoy, Assistant County Counsel, and Jane E. Kwon, Principal Deputy County Counsel, for Plaintiff and Respondent.

Janette Freeman Cochran, under appointment by the Court of Appeal, for respondent minors Matthew F. and Lynette F.

_____

Mother, C.R., appeals from an order denying her request to return her children to her custody at a Welfare and Institutions Code section 366.22[1] status review hearing. Mother challenges the juvenile court's finding that placing the children in her custody created a substantial risk of detriment to the children. The juvenile court has since terminated its jurisdiction and entered a final custody order granting Father, M.F., sole physical custody of the children and Mother unmonitored visitation rights. Because Mother did not appeal this order, there is no effective relief she can be granted. Further, we decline to exercise our inherent discretion to reach the merits. Therefore, the appeal is dismissed as moot.

---

[1] All further statutory references are to the Welfare and Institutions Code unless otherwise indicated.

## FACTUAL AND PROCEDURAL BACKGROUND

Mother and Father are the parents of Matthew F. and Lynette F. (the children). In February 2019, the Los Angeles County Department of Children and Family Services (the Department) filed a petition under section 300 alleging that the children were at substantial risk of harm.

On April 3, 2019, at the adjudication and disposition hearing, the court declared the children dependents and sustained the petition, as amended by interlineation, under section 300 subdivision (b)(1). The sustained allegations stated that the children were at risk of harm because of Mother's and Father's history of engaging in violent altercations, Father's substance abuse, and Mother's and Father's failure to protect the children. The court removed the children from Mother and released them to Father.

The Department then filed a section 387 petition alleging Father failed to comply with court orders by abusing alcohol and allowing Mother to have access to the children, and the court authorized the Department to detain the children from Father's custody. At the hearing on June 5, 2019, the court sustained the section 387 petition and removed the children from Father's custody. The court ordered family reunification services for the parents with monitored visits. The children were placed with their maternal grandmother.

At the six-month status review hearing on December 4, 2019, the children were returned to Mother's custody, and the Department was ordered to provide family maintenance

services to the children and parents and enhancement services to Father. Over the next year, the Department continued its investigation and provided services to the family. On March 30, 2021, the juvenile court authorized detaining the children from Mother and continuing to detain them from Father. The children remained in their maternal grandmother's care.

On April 1, 2021, the Department filed another section 387 petition alleging that Mother failed to comply with the juvenile court's orders and to protect the children. The Department concurrently filed a section 342 petition alleging that Mother and Father engaged in domestic violence incidents in November 2020, February 2021, and March 2021. On June 4, 2021, the court sustained the petitions, removed the children from Mother's and Father's custody, and ordered family reunification services for the children and parents.

On April 26, 2022, the court held a section 366.22 review hearing. Mother requested that the court return the children to the parents with shared custody. After hearing argument and reviewing evidence, the court returned the children to Father's custody and ordered monitored visits for Mother. The court stated that it did not appear that Mother was internalizing the lessons from the court-ordered programs in which she participated based on an incident that occurred in January 2022 when Mother and Father were together, in violation of a court order, at the home were

the children were staying.  Mother timely appealed the order.

　　After Mother filed this appeal, on January 24, 2023, the juvenile court found the conditions that justified the initial assumption of jurisdiction under section 300 no longer existed and were not likely to exist if supervision was withdrawn.  The court terminated its jurisdiction and stayed the order pending receipt of a juvenile custody order giving Father sole physical custody, giving the parents joint legal custody, and giving Mother unmonitored visitation rights.  On January 27, 2023, the court entered the final juvenile custody order, lifted its stay, and terminated its jurisdiction (the exit order).  The children's counsel filed a request for judicial notice of these post-appeal orders, which was granted.  (Evid. Code, § 452, subds. (c) & (d).)

　　Pursuant to Government Code section 68081, we sent a letter to the parties soliciting their views on whether Mother's appeal was moot in light of the January 2023 orders.  The children filed a letter brief contending the appeal is not moot because the challenged findings "could affect future proceedings as to Lynette," as Matthew F. turns 18 in July 2023, and asking that we affirm the April 26, 2022, order.  They did not specify how the affirmance of the order would affect future proceedings.  The Department argues in a letter brief that the January 2023 orders, which Mother has not challenged, have rendered Mother's appeal moot.  Mother did not file a brief addressing this issue.

## DISCUSSION

**A. Applicable Law**

"A court is tasked with the duty "'to decide actual controversies by a judgment which can be carried into effect, and not to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it.""" (*In re D.P.* (2023) 14 Cal.5th 266, 276, quoting *Consolidated etc. Corp. v. United A. etc. Workers* (1946) 27 Cal.2d 859, 863.) "A case becomes moot when events "'render[ ] it impossible for [a] court, if it should decide the case in favor of plaintiff, to grant him any effect[ive] relief.'" [Citation.] For relief to be 'effective,' two requirements must be met. First, the plaintiff must complain of an ongoing harm. Second, the harm must be redressable or capable of being rectified by the outcome the plaintiff seeks. [Citation.]" (*In re D.P.*, *supra*, 14 Cal.5th at p. 276.) In a dependency case, "relief is effective when it 'can have a practical, tangible impact on the parties' conduct or legal status.' [Citation.]" (*Id.* at p. 277.)

Depending on the circumstances, an order terminating juvenile court jurisdiction can render an appeal from a previous order in a dependency proceeding moot. (*In re Rashad D.* (2021) 63 Cal.App.5th 156, 163.) "However, dismissal of a dependency appeal for mootness following termination of jurisdiction 'is not automatic, but "must be decided on a case-by-case basis."' [Citation.]" (*Ibid.*; see also *In re S.G.* (2021) 71 Cal.App.5th 654, 663–664 ["The termination of juvenile court jurisdiction does not

6

categorically prevent a reviewing court from granting effective relief in all cases"].)

"Even when a case is moot, courts may exercise their 'inherent discretion' to reach the merits of the dispute. [Citation.]" (*In re D.P.*, *supra*, 14 Cal.5th at p. 282.) "As a rule, courts will generally exercise their discretion to review a moot case when 'the case presents an issue of broad public interest that is likely to recur,' 'when there may be a recurrence of the controversy between the parties,' or 'when a material question remains for the court's determination.' [Citations.]" (*Ibid.*)

### B. Mother's Appeal is Moot and Does Not Warrant Discretionary Review

Mother appeals from the juvenile court's April 26, 2022, order at the section 366.22 hearing, ordering the children returned to Father and monitored visits for Mother. Mother argues that insufficient evidence supported the court's refusal to return the children to her custody. However, more recently, the juvenile court entered the exit order awarding sole physical custody to Father, joint legal custody to parents, and unmonitored visits for Mother as arranged by the parents. There is no indication that Mother, or any other party, appealed from the exit order, and her time to do so has expired. (See Cal. Rules of Court, rule 8.406.) The Department asserts that this renders this appeal moot, and Mother has not argued otherwise though invited to do so. We agree that the appeal is now moot.

Reversing the April 26, 2022, order regarding custody and visitation "could not deliver the desired relief—namely, a change in custody and/or visitation. Even after such reversal, the more recent custody and visitation terms contained in the exit order would govern. To effect an actual change in custody and visitation rights, the appellate court would need to reverse the juvenile court's last word on custody and/or visitation—the exit order terminating jurisdiction on those terms—which . . . the appellate court does not have the power to do if that order has not been appealed." (*In re S.G.*, *supra*, 71 Cal.App.5th at pp. 666–667.) Consequently, there is no effective relief that can be granted for Mother.[2] (See *In re Rashad D.*, *supra*, 63 Cal.App.5th at p. 164 [juvenile court had no jurisdiction to conduct further hearings, including modification of its custody order, unless reviewing court also reversed or vacated order terminating dependency].)

Further, exercise of our discretionary authority to consider the merits of Mother's appeal is not warranted. No issue of broad public interest that is likely to recur has been identified. Mother has not offered any reason we should consider the appeal on the merits now that the exit order has become final. While the children ask the court to affirm the

---

[2] Mother is not left without a remedy. Under section 302, subdivision (d), she may seek modification of the final custody order in a proceeding under Family Code section 3021 if she can demonstrate "there has been a significant change of circumstances since the juvenile court issued the order and modification of the order is in the best interests of the child." (§ 302, subd. (d).)

juvenile court's April 26, 2022, order, they do not specify the way in which affirmance, as opposed to leaving the order undisturbed, would affect future proceedings.  Any impact that the challenged findings may have in future proceedings is far too speculative for us to exercise our inherent discretion to consider the challenged order.  (*In re D.P.*, *supra*, 14 Cal.5th at p. 282.)  Therefore, we decline to address the merits of Mother's appeal.

**DISPOSITION**

The appeal is dismissed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

Mori, J.

We concur:

CURREY, Acting P. J.

COLLINS, J.